**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

FILED
OCT - 8 2004
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY DEPUTY CLERK

**GENERAL ELECTRIC CAPITAL BUSINESS ASSET FUNDING CORP.,**

**Plaintiff,**

**v.** **CIVIL NO. SA-03-CA-189-RF**

**S.A.S.E. MILITARY LTD., VANDERBURG INVESTMENTS, INC., and JOHN Q. VANDERBURG,**

**Defendants.**

**O R D E R**

Before the Court is the plaintiff's motion to strike Dr. Dillman's August 2004 expert report. (Docket nos. 129,143). Defendants have responded. (Docket no. 137). Upon consideration, the Court concludes plaintiff's motion shall be **GRANTED**.

**Factual Background**

G.E. Capital filed this suit for breach of contract and breach of the parties' settlement agreement. Defendants answered G.E. Capital's complaint, asserting numerous affirmative defenses and a counterclaim for breach of the same settlement agreement. Defendants designated Dr. Everett Dillman as an expert witness in support of their alleged damages on the counterclaim. As required under this Court's Scheduling Order, Dr. Dillman issued his initial expert report on April 26, 2004, assessing two types of damages: reduction in cash flow and loss of gain from potential sales.

151

Later, during his deposition on August 31, 2004, plaintiffs learned of a new expert report issued by Dr. Dillman, dated August 16, 2004. This new report asserted additional damages for unreimbursed expenses of $ 275,413.45 and loss of future capital gains totaling $ 23,988,564, as well as further expansion of the damages already asserted in the original report. Defendants' counsel produced a copy of this new expert report upon its discovery in the deposition. G.E. Capital now moves to strike Dr. Dillman's second report dated August 16, 2004, on the basis of its untimeliness.

**Discussion**

G.E. Capital moves to strike Dr. Dillman's second report contending defendants cannot show substantial justification to violate the scheduling order deadline for submission of expert reports, and it will suffer prejudice due to the untimely assertion of new, significant damages. Defendants respond they can show good cause for supplementation after the scheduling order deadline because they received new evidence important to the calculation of their damages after the deadline, and G.E. Capital cannot show prejudice because it was aware of the additional damages based upon their assertions in the Third Amended Answer and Fourth Amended Counterclaims.

Federal Rule of Civil Procedure 26 requires the proponent of expert testimony to serve opposing parties with a detailed expert report, in writing, by the deadline mandated by the trial court.

**FED.R.CIV.P. 26(a)(2).** Among other things, the expert report must contain a complete statement of all opinions to be expressed and the basis and reasons for the opinions expressed. ***Id.*** "A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any information not so disclosed. **FED.R.CIV.P. 37(c)(1).** A scheduling order deadline may be modified only by permission of the Court upon a showing of good cause. **FED.R.CIV.P. 16(b).** The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." ***S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA***, 315 F.3d 533, 536 (5th Cir. 2003)(internal quotations omitted). Thus, these rules permit a court to exclude untimely expert reports unless the failure to disclose the evidence prior to the scheduling order deadline was either harmless or substantially justified. ***See Trost v. Trek Bicycle Corp.***, 162 F.3d 1004, 1008 (8th Cir. 1998).

First, defendants failed to request leave of court to modify the scheduling order deadline. Instead, plaintiffs learned of the additional report through Dr. Dillman's deposition and were given a copy of the report upon its serendipitous discovery. Because defendants formulated a new expert report on damages and then failed to request leave of this Court to modify the scheduling

order to supplement Dr. Dillman's report, this Court finds grounds for its exclusion from admission as evidence. In short, because defendants failed to request leave of Court to modify the scheduling order deadline for submission of expert reports, they failed to show good cause for such modification. ***See* FED.R.CIV.P. 16(b)**. In addition, this Court finds other, substantive reasons to exclude, or strike, Dr. Dillman's supplemental report.[1]

Defendants begin by arguing they were obligated by Rule 26(e) to supplement Dr. Dillman's report because important new information was received after the scheduling order deadline. This argument is without merit for several reasons. First, the circumstances surrounding this surreptitious supplementation is not within the realm contemplated by Rule 26(e). Indeed, Rule 26(e) requires a party to supplement an expert report if discovery is made that the material previously disclosed is either incomplete or incorrect and the additional or corrective information has not otherwise been disclosed to other parties through discovery. **FED.R.CIV.P. 26(e)**; ***see also Reed v. Iowa Mar. & Repair Corp.***, 16 F.3d 82, 84-85 (5th Cir. 1994). This requirement anticipates a situation in which an expert submits a report, then, subsequently discovers new information rendering the report incorrect and

[1] Because defendants failed to request leave of Court to modify the scheduling order deadline, it supplementation of Dr. Dillman's report may only be made upon a showing of substantial justification for failure to disclose and such failure is harmless.

mandating supplementation. ***See Beller v. U.S.***, 221 F.R.D. 689, 694-695 (D.N.M. 2003).

In this case, defendants do not contend newly discovered information rendered Dr. Dillman's original report incorrect. Instead, they contend only that they discovered new evidence supporting additional theories of damages and allowing expansion of theories already asserted. Indeed, the supplemental opinion contains two entirely new opinions and bases for damages not contained within the original report and asserts additional damages under existent theories. ***See plaintiff's motion,* Exh. 1, p. 103:10-24**; **Exh. 2; Exh. 3**. Presentation of an entirely new opinion based upon new theories of damages is not a supplementation anticipated by Rule 26(e), but instead, constitutes rendering of a new expert report. ***See Beller***, 221 F.R.D. at 691-692,695. Also, expansion of a theory already asserted is not supplementation anticipated by Rule 26(e). ***Id.*** Therefore, defendants' contention that the second expert report was a mere supplement required by Rule 26(e) is without merit.

Second, the information defendants contend they discovered after the scheduling order deadline was not new evidence, as it was within their control and could have been accessed prior to Dr. Dillman's submission of the original report. Defendants first contend they received "significant new evidence" through the deposition testimony of Ralph Abercia, Lyle Carpenter, Jeff Spann,

Gerald Richardson, and Russ Tomlinson. However, these depositions were conducted by G.E. Capital, not defendants, and these witnesses were within defendants' control since the beginning of this litigation. As admitted by defendants, Richardson, Carpenter, and Tomlinson were real estate brokers who solicited potential buyers of the properties at issue and who worked for defendants in facilitating these sales. ***See defendants' response*, pp. 4-5**. Abercia and Spann were potential buyers of the four properties at issue. ***Id.*** Although defendants contend these parties' testimony regarding the valuation of the buildings was essential to Dr. Dillman in formulating his opinion concerning economic damages, defendants could have gained this information prior to Dr. Dillman's formulation of his original report because these witnesses were accessible. Defendants' failure to elicit this "valuable information" prior to the deadline is not grounds for allowance of the untimely report, but is more suitable grounds for exclusion due to counsel's lack of diligence.

Next, defendants contend they discovered new evidence of other offers and of the sale San Antonio building after the scheduling order deadline, and this evidence was necessary to formulate accurate hypothetical valuations of the buildings to give Dr. Dillman in his formulation of economic damages. However, defendants give no explanation why it could not have given Dr. Dillman hypothetical valuations prior to his submission of the

original report. In fact, under Rule 26(e), defendants could have supplemented Dr. Dillman's report after the scheduling order deadline based upon this purported discovery of new, relevant information to the extent it rendered the hypotheticals relied upon in Dr. Dillman's report incorrect or incomplete. Further, Dr. Dillman admits in his deposition that his new opinion on damages for loss of gain from potential sales was based upon hypotheticals received from defense counsel on August 5, 2004, whereas the original opinion was based upon a memo referencing actual offers. ***Plaintiff's reply,* Exh. 2, pp. 148:7-13, 254:3-6.** Dr. Dillman also attests he requested relevant hypotheticals from defense counsel prior to submission of his original report, but was not given such information until August 5, 2004. ***Id.* at pp. 78:25-79:7.** Defendants' have, again, failed to provide sufficient grounds for untimely submission of Dr. Dillman's new expert report.

Third, defendants' offer to accommodate G.E. Capital by delaying the deposition is not excuse for delaying production of the supplemental report until its serendipitous discovery. The intent of Rule 26(b) is to "ensure that deposition testimony can proceed with parties already armed with the expert's report so as to be able to evaluate the opinions to be offered." ***Beller***, 221 F.R.D. at 694. Continuance of the deposition would invoke additional expense upon the opposing party, constitutes a waste of time already spent preparing for the scheduled deposition, and

would only further delay this already lengthy litigation. ***Id.*** Therefore, defendants' argument that accommodation constitutes good cause for allowance of the new report must fail.

Finally, defendants' contend plaintiffs cannot show prejudice because they were on notice of defendants' intent to pursue these particular damages based upon their assertions of various damages sought in the Third Amended Answer and Fourth Amended Counterclaims. Rule 26(a) requires initial disclosure of "a computation of any category of damages claimed" in addition to the further disclosure of expert reports containing "a complete statement of all opinions to be expressed." **FED.R.CIV.P. 26(a)(1)(C), 26(a)(2)(B)**. Initial disclosures of damages claimed satisfy the purposes of Rule 26(a): providing advance notice of a parties' proof of a claim, and early, full disclosure of relevant information to facilitate preparation for trial. ***Beller***, 221 F.R.D. at 693-694.

Although defendants allege in their response they provided initial disclosures "containing a list of the types of damages it is seeking and estimates of the amount of damages it is seeking", they provide no evidentiary support of this allegation. ***See defendants' response*, p. 6**. Further, the requirement of initial disclosure of all damages, coupled with the requirement of disclosure of expert reports on all opinions to be expressed mandates that the mere mention of damages in a parties' pleadings

is insufficient to provide notice anticipated by Rule 26(a). ***See Congressional Air, Ltd. v. Beech Aircraft Corp.***, 176 F.R.D. 513, 516 n.3 (D.Md. 1997). Therefore, defendants' contention that the mere mention of damages in their amended pleading cures any omission of disclosure of all damages now asserted must fail.

Plaintiffs have made sufficient showing of prejudice caused by defendants' late designation of additional damages. This disclosure occurred two months prior to the scheduled trial. The late disclosure prevented defendants from conducting full and complete discovery of the basis of defendants' asserted damages. For all the reasons provided, this Court finds defendants have provided no showing of substantial justification for filing the supplemental expert report four months after the scheduling order deadline and two months prior to trial without requesting leave of this Court. Because the Court finds defendants' failure to file the expert report in a timely fashion was neither substantially justified nor harmless, plaintiffs' motion to strike Dr. Dillman's August 2004 report is **GRANTED**.

It is so **ORDERED.**

SIGNED this 8th day of October 2004.

**JOHN W. PRIMOMO**
**United States Magistrate Judge**